# Exhibit K



Writer's Direct Dial: (847) 378-2918
Writer's Email: maureen_schoaf@ajg.com

July 12, 2022

**VIA EMAIL**

Ms. Taylor Gunnells
REDACTED

Re:     **Resignation of Employment**

Dear Ms. Gunnells:

In light of your recent resignation, I am writing to advise you of Gallagher's expectations of you during your notice period, and to remind you of certain post-employment obligations, which arise from the Employee Agreement you executed, effective October 11, 2021, (the "Agreement"). Enclosed is a copy of the Agreement for your reference.

As a preliminary matter, please understand that you remain an employee of Gallagher until your notice period expires on August 1, 2022. I understand that you purportedly resigned from Gallagher "effective immediately" on July 11, 2022, but you assumed certain obligations under your Employee Agreement, including your agreement to provide 21 days' notice of your resignation. Your refusal to comply with the notice provision will constitute a breach of your Agreement.

During the notice period, your duties as an employee, including your fiduciary duties to Gallagher, remain in full force and effect. That means, without limiting the scope of the obligation, that you must refrain from any conduct or activity that does not serve Gallagher's best interests. While you will be excused from day-to-day attendance at work during this time period, you must continue to work in Gallagher's best interests. We expect you to honor your commitment to help Gallagher transition your responsibilities, including your client representation responsibilities, to other Gallagher personnel. Please contact Jeff Devron immediately and schedule a meeting this week to identify the tasks we expect you to carry out and the manner in which you will be expected to address any questions he may have relating to the status of client matters, renewals, transitional client questions, and any other items regarding the client accounts.

During the notice period (and for 2 years after your separation from Gallagher), you are prohibited from soliciting, servicing or accepting business from any Gallagher client or prospective client on behalf of yourself or any person or firm other than Gallagher. To the extent that you have contacted any Gallagher clients that you worked with and attempted to divert their business to your

Ms. Taylor Gunnells
July 12, 2022
Page 2

future employer, we demand that you immediately cease and desist from contacting or soliciting Gallagher clients and prospects.

As you are aware, you are prohibited from copying, retaining, or destroying any Gallagher files or documents, or from taking any action that could potentially inhibit Gallagher's ability to service its clients. To the extent that you have retained Gallagher documents or information, we demand that you return to Gallagher any and all documents, records and data, including without limitation electronically stored information, containing Gallagher Confidential Information, as defined in your Employee Agreement. Please understand that your retention or use of Confidential Information is a violation of your Agreement, no matter how it comes into your hands. Gallagher feels very strongly about maintaining the secrecy of its confidential information. We take these violations very seriously, and we will not hesitate to pursue legal and equitable relief against you, if necessary.

We expect that upon receipt of this letter, to the extent that you have not already done so, you will immediately return your company-issued laptop to Gallagher. Please make arrangements with David Horvath (at david_horvath@ajg.com or (630) 285-4446) for the return of your laptop.

With respect to your post-employment obligations to Gallagher, your Agreement contains several post-employment obligations, which will be triggered by virtue of your separation from Gallagher. These post-employment obligations include the following:

(1)    For two years from the date of your separation you **may not, directly or indirectly, solicit, accept or perform any insurance-related or benefit-related business** from any Gallagher client or actively solicited prospect with whom you worked or became familiar with during your employment;

(2)    You may **never use or disclose any Gallagher trade secret,** and for two years from the date of your separation, **you may not use or divulge any of our Confidential Information[1]**; and

(3)    For two years from the date of your separation **you may not, directly or indirectly, solicit, induce, or recruit any individual employed by us** into leaving our employment and becoming employed by another entity.

With regard to (2) above, statutory and common law prohibitions against the unauthorized disclosure of confidential and proprietary business information also apply to you. And so your post-

---

[1] "Confidential Information" is defined specifically in the Agreement. In the interest of brevity, we have not repeated that lengthy definition here.

Ms. Taylor Gunnells
July 12, 2022
Page 3

employment conduct is governed not only by the Agreement, but by certain state statutes and common law as well.

We understand that you have accepted a position with Alliant Insurance Services. Based on our past experience, we know that Alliant does not share Gallagher's commitment to instruct its employees to honor and uphold restrictive covenants that they have with their previous employers. In the event that it becomes necessary for Gallagher to take legal action to enforce its agreement, we will not hesitate to do so. We hope that both you and Alliant will want to avoid any conduct that will invite litigation or liability.

Please immediately bring any and all mobile devices to Gallagher's offices in compliance with the Mobile Device Policy that you signed. A copy of that agreement is attached. Do not delete, destroy, transfer, modify or otherwise alter any information on your mobile devices. Do not allow any other person or entity to delete, destroy, transfer, modify or otherwise alter any information on your mobile devices.

Finally, you should consider this correspondence to be a demand for the preservation of any and all documents, records and data that may constitute or lead to the discovery of relevant evidence in this matter.

We trust this letter leaves you with no questions about our position, and what we expect.

Sincerely,

*/s/ Maureen Schoaf*

Maureen Schoaf
Litigation Counsel

Enclosure

cc:     Jennifer Baumann, General Counsel, Alliant Insurance Services, jbaumann@alliant.com



Writer's Direct Dial: (847) 378-2918
Writer's Email: maureen_schoaf@ajg.com

July 12, 2022

**VIA EMAIL**

Ms. Jordan Laeyendecker


Re:      **Resignation of Employment**

Dear Ms. Laeyendecker:

In light of your recent resignation, I am writing to advise you of Gallagher's expectations of you during your notice period, and to remind you of certain post-employment obligations, which arise from the Employee Agreement you executed, effective January 18, 2016, (the "Agreement"). Enclosed is a copy of the Agreement for your reference.

As a preliminary matter, please understand that you remain an employee of Gallagher until your notice period expires on August 1, 2022. I understand that you purportedly resigned from Gallagher "effective immediately" on July 11, 2022, but you assumed certain obligations under your Employee Agreement, including your agreement to provide 21 days' notice of your resignation. Your refusal to comply with the notice provision will constitute a breach of your Agreement.

During the notice period, your duties as an employee, including your fiduciary duties to Gallagher, remain in full force and effect. That means, without limiting the scope of the obligation, that you must refrain from any conduct or activity that does not serve Gallagher's best interests. While you will be excused from day-to-day attendance at work during this time period, you must continue to work in Gallagher's best interests. We expect you to honor your commitment to help Gallagher transition your responsibilities, including your client representation responsibilities, to other Gallagher personnel. Please contact Jeff Devron immediately and schedule a meeting this week to identify the tasks we expect you to carry out and the manner in which you will be expected to address any questions he may have relating to the status of client matters, renewals, transitional client questions, and any other items regarding the client accounts.

During the notice period (and for 2 years after your separation from Gallagher), you are prohibited from soliciting, servicing or accepting business from any Gallagher client or prospective client on behalf of yourself or any person or firm other than Gallagher. To the extent that you have contacted any Gallagher clients that you worked with and attempted to divert their business to your

2850 West Golf Road
Rolling Meadows, Illinois 60008-4050
630.773.3800

Ms. Jordan Laeyendecker
July 12, 2022
Page 2

future employer, we demand that you immediately cease and desist from contacting or soliciting Gallagher clients and prospects.

As you are aware, you are prohibited from copying, retaining, or destroying any Gallagher files or documents, or from taking any action that could potentially inhibit Gallagher's ability to service its clients. To the extent that you have retained Gallagher documents or information, we demand that you return to Gallagher any and all documents, records and data, including without limitation electronically stored information, containing Gallagher Confidential Information, as defined in your Employee Agreement. Please understand that your retention or use of Confidential Information is a violation of your Agreement, no matter how it comes into your hands. Gallagher feels very strongly about maintaining the secrecy of its Confidential Information. We take these violations very seriously, and we will not hesitate to pursue legal and equitable relief against you, if necessary.

We expect that upon receipt of this letter, to the extent that you have not already done so, you will immediately return your company-issued laptop to Gallagher. Please make arrangements with David Horvath (david_horvath@ajg.com or (630) 285-4446) for the return of your laptop.

With respect to your post-employment obligations to Gallagher, your Agreement contains several post-employment obligations, which will be triggered by virtue of your separation from Gallagher. These post-employment obligations include the following:

(1)     For two years from the date of your separation you **may not, directly or indirectly, solicit, accept or perform any insurance-related or benefit-related business** from any Gallagher client or actively solicited prospect with whom you worked or became familiar with during your employment;

(2)     You may **never use or disclose any Gallagher trade secret,** and for two years from the date of your separation, **you may not use or divulge any of our Confidential Information[1]**; and

(3)     For two years from the date of your separation **you may not, directly or indirectly, solicit, induce, or recruit any individual employed by us** into leaving our employment and becoming employed by another entity.

With regard to (2) above, statutory and common law prohibitions against the unauthorized disclosure of confidential and proprietary business information also apply to you. And so your post-

---

[1]  "Confidential Information" is defined specifically in the Agreement. In the interest of brevity, we have not repeated that lengthy definition here.

Ms. Jordan Laeyendecker
July 12, 2022
Page 3

employment conduct is governed not only by the Agreement, but by certain state statutes and common law as well.

We understand that you have accepted a position with Alliant Insurance Services. Based on our past experience, we know that Alliant does not share Gallagher's commitment to instruct its employees to honor and uphold restrictive covenants that they have with their previous employers. In the event that it becomes necessary for Gallagher to take legal action to enforce its agreement, we will not hesitate to do so. We hope that both you and Alliant will want to avoid any conduct that will invite litigation or liability.

Please immediately bring any and all mobile devices to Gallagher's offices in compliance with the Mobile Device Policy that you signed. A copy of that agreement is attached. Do not delete, destroy, transfer, modify or otherwise alter any information on your mobile devices. Do not allow any other person or entity to delete, destroy, transfer, modify or otherwise alter any information on your mobile devices.

Finally, you should consider this correspondence to be a demand for the preservation of any and all documents, records and data that may constitute or lead to the discovery of relevant evidence in this matter.

We trust this letter leaves you with no questions about our position, and what we expect.

Sincerely,

*/s/ Maureen Schoaf*

Maureen Schoaf
Litigation Counsel

Encls.

cc:     Jennifer Baumann, General Counsel, Alliant Insurance Services, jbaumann@alliant.com



Insurance | Risk Management | Consulting

Writer's Direct Dial: (847) 378-2918
Writer's Email: maureen_schoaf@ajg.com

July 13, 2022

**VIA EMAIL**

Mr. Brian Eldridge
Hart McLaughlin & Eldridge
22 W. Washington Street, Suite 1600
Chicago, Illinois 60602
beldridge@hmelegal.com

Re:     Kristen Long

Dear Mr. Eldridge:

I represent Arthur J. Gallagher & Co., with regard to this matter. This letter is in response to your letter to Patrick Gallagher of July 11, 2022.

Ms. Long was not constructively discharged. She remains a Gallagher employee until her notice period expires on August 1, 2022 and she remains subject to the provisions of her Employee Agreement that she executed November 13, 2014. The allegations that you made in your letter are extremely serious and we take them seriously. We believe that Ms. Long was provided with significant accommodations and significant support. Obviously, perspectives differ. Please provide us with the specifics behind the general allegations that you have made and we will investigate them immediately.

Ms. Long's duties as a Gallagher employee, including her fiduciary duties to Gallagher, remain in full force and effect. That means, without limiting the scope of the obligation, that she must refrain from any conduct or activity that does not serve Gallagher's best interests. While she will be excused from day-to-day attendance at work during this time period, she must continue to work in Gallagher's best interests. She has a contractual obligation to help Gallagher transition her responsibilities, including her client representation responsibilities, to other Gallagher personnel. Please ensure that Ms. Long contacts Jeff Devron immediately and schedules a meeting to identify the tasks that she must perform to meet her contractual obligations, including addressing any questions he may have relating to status of client matters, renewals, transitional client questions, and any other items regarding the client accounts.

During the notice period (and for 2 years after Ms. Long's separation from Gallagher), she is prohibited from soliciting or servicing business from any Gallagher client or prospective client on behalf of herself or any person or firm other than Gallagher. To the extent that she has contacted any Gallagher clients that she worked with and attempted to divert their business to her future

Mr. Brian Eldridge
July 13, 2022
Page 2

employer, we demand that she immediately cease and desist from contacting or soliciting Gallagher clients and prospects and inform Mr. Devron of her contacts to date.

I appreciate the representations that you made in your above-referenced letter. Ms. Long has already destroyed evidence that would be relevant in litigation. You represent a reason why you maintain Ms. Long had Gallagher information in her personal Gmail account. Gallagher is entitled to know what that information is, when it was forwarded to Ms. Long's personal email account, what happened to that information after it was forwarded to her personal email account, etc. Gallagher feels very strongly about maintaining the secrecy of its confidential information. We demand that Ms. Long not destroy any record of her transmittal or use of Gallagher's confidential information or trade secrets, as defined in her Employment Agreement. Ms. Long should do nothing to further spoliate evidence in her Gmail account, on personal computers or elsewhere.

Ms. Long's Employment Agreement contains several post-employment obligations which will be triggered by virtue of her impending separation from Gallagher. These post-employment obligations include the following:

(1)      For two years from the date of your separation she **may not, directly or indirectly, solicit, accept or perform any insurance-related or benefit-related business** from any Gallagher client or actively solicit any prospect with whom she worked or became familiar with during her Gallagher employment;

(2)      She may **never use or disclose any Gallagher trade secret,** and for two years from the date of her separation she **may not use or divulge any of our Confidential Information**[1]; and

(3)      For two years from the date of her separation she **may not, directly or indirectly, solicit, induce, or recruit any individual employed by us** into leaving our employment and becoming employed by another entity.

With regard to (2) above, statutory and common law prohibitions against the unauthorized disclosure of confidential and proprietary business information also apply to her. Her post-employment conduct is governed not only by the Agreement, but by certain state statutes and common law as well.

Please arrange for Ms. Long's mobile devices to be brought to Gallagher's offices tomorrow in compliance with paragraph 6 of the Mobile Device Policy that she signed on November 5, 2014. She must not delete, destroy, transfer, modify or otherwise alter any information on her mobile

---

[1] "Confidential Information" is defined specifically in the Agreement. In the interest of brevity, we have not repeated that lengthy definition here.

Mr. Brian Eldridge
July 13, 2022
Page 3

devices or allow any other person or entity to delete, destroy, transfer, modify or otherwise alter any information on her mobile devices.

Finally, this correspondence is a demand for the preservation of any and all documents, records and data that may constitute or lead to the discovery of relevant evidence in this matter.

Please affirm as soon as possible that Ms. Long has abided by the terms of her Employee Agreement and the Mobile Device policy referenced in this letter and that she intends to continue to do so in the future.

Sincerely,

*/s/ Maureen Schoaf*

Maureen Schoaf
Litigation Counsel

Encls.



Insurance | Risk Management | Consulting

Writer's Direct Dial: (847) 378-2918
Writer's Email: maureen_schoaf@ajg.com

July 14, 2022

**<u>VIA EMAIL</u>**

Ms. Sara Arnold



**Re:      Resignation of Employment**

Dear Ms. Arnold:

In light of your recent resignation, I am writing to advise you of Gallagher's expectations of you during your notice period, and to remind you of certain post-employment obligations, which arise from the Employee Agreement you executed, effective May 17, 2021, (the "Agreement"). Enclosed is a copy of the Agreement for your reference.

As a preliminary matter, please understand that you remain an employee of Gallagher until your notice period expires on August 3, 2022.  I understand that you purportedly resigned from Gallagher "effective immediately" on July 13, 2022, but you assumed certain obligations under your Employee Agreement, including your agreement to provide 21 days' notice of your resignation.  Your refusal to comply with the notice provision will constitute a breach of your Agreement.

During the notice period, your duties as an employee, including your fiduciary duties to Gallagher, remain in full force and effect. That means, without limiting the scope of the obligation, that you must refrain from any conduct or activity that does not serve Gallagher's best interests. While you will be excused from day-to-day attendance at work during this time period, you must continue to work in Gallagher's best interests.  We expect you to honor your commitment to help Gallagher transition your responsibilities, including your client representation responsibilities, to other Gallagher personnel.  Please contact Jeff Devron immediately and schedule a meeting this week to identify the tasks we expect you to carry out and the manner in which you will be expected to address any questions he may have relating to the status of client matters, renewals, transitional client questions, and any other items regarding the client accounts.

During the notice period (and for 2 years after your separation from Gallagher), you are prohibited from soliciting, servicing or accepting business from any Gallagher client or prospective client on behalf of yourself or any person or firm other than Gallagher.  To the extent that you have contacted any Gallagher clients that you worked with and attempted to divert their business to your

2850 West Golf Road
Rolling Meadows, Illinois 60008-4050
630.773.3800

Ms. Sara Arnold
July 14, 2022
Page 2

future employer, we demand that you immediately cease and desist from contacting or soliciting Gallagher clients and prospects.

As you are aware, you are prohibited from copying, retaining, or destroying any Gallagher files or documents, or from taking any action that could potentially inhibit Gallagher's ability to service its clients. To the extent that you have retained Gallagher documents or information, we demand that you return to Gallagher any and all documents, records and data, including without limitation electronically stored information, containing Gallagher Confidential Information, as defined in your Employee Agreement. Please understand that your retention or use of Confidential Information is a violation of your Agreement, no matter how it comes into your hands. Gallagher feels very strongly about maintaining the secrecy of its Confidential Information. We take these violations very seriously, and we will not hesitate to pursue legal and equitable relief against you, if necessary.

We expect that upon receipt of this letter, to the extent that you have not already done so, you will immediately return your company-issued laptop to Gallagher. Please make arrangements with David Horvath (david_horvath@ajg.com or (630) 285-4446) for the return of your laptop.

With respect to your post-employment obligations to Gallagher, your Agreement contains several post-employment obligations, which will be triggered by virtue of your separation from Gallagher. These post-employment obligations include the following:

(1)     For two years from the date of your separation you **may not, directly or indirectly, solicit, accept or perform any insurance-related or benefit-related business** from any Gallagher client or actively solicited prospect with whom you worked or became familiar with during your employment;

(2)     You may **never use or disclose any Gallagher trade secret,** and for two years from the date of your separation, **you may not use or divulge any of our Confidential Information[1]**; and

(3)     For two years from the date of your separation **you may not, directly or indirectly, solicit, induce, or recruit any individual employed by us** into leaving our employment and becoming employed by another entity.

With regard to (2) above, statutory and common law prohibitions against the unauthorized disclosure of confidential and proprietary business information also apply to you. And so your post-

---

[1] "Confidential Information" is defined specifically in the Agreement. In the interest of brevity, we have not repeated that lengthy definition here.

Ms. Sara Arnold
July 14, 2022
Page 3

employment conduct is governed not only by the Agreement, but by certain state statutes and common law as well.

We understand that you have accepted a position with Alliant Insurance Services. Based on our past experience, we know that Alliant does not share Gallagher's commitment to instruct its employees to honor and uphold restrictive covenants that they have with their previous employers. In the event that it becomes necessary for Gallagher to take legal action to enforce its agreement, we will not hesitate to do so. We hope that both you and Alliant will want to avoid any conduct that will invite litigation or liability.

Please immediately bring any and all mobile devices to Gallagher's offices in compliance with the Mobile Device Policy that you signed. A copy of that agreement is attached. Do not delete, destroy, transfer, modify or otherwise alter any information on your mobile devices. Do not allow any other person or entity to delete, destroy, transfer, modify or otherwise alter any information on your mobile devices.

Finally, you should consider this correspondence to be a demand for the preservation of any and all documents, records and data that may constitute or lead to the discovery of relevant evidence in this matter.

We trust this letter leaves you with no questions about our position, and what we expect.

Sincerely,

*/s/ Maureen Schoaf*

Maureen Schoaf
Litigation Counsel

Encls.

cc:    Jennifer Baumann, General Counsel, Alliant Insurance Services, jbaumann@alliant.com



Insurance | Risk Management | Consulting

Writer's Direct Dial: (847) 378-2918
Writer's Email: maureen_schoaf@ajg.com

July 14, 2022

**VIA EMAIL**

Ms. Melissa Haggerty



Re:     **Resignation of Employment**

Dear Ms. Haggerty:

In light of your recent resignation, I am writing to advise you of Gallagher's expectations of you during your notice period, and to remind you of certain post-employment obligations, which arise from the Employee Agreement you executed, effective November 9, 2020, (the "Agreement"). Enclosed is a copy of the Agreement for your reference.

As a preliminary matter, please understand that you remain an employee of Gallagher until your notice period expires on August 2, 2022. I understand that you purportedly resigned from Gallagher "effective immediately" on July 12, 2022, but you assumed certain obligations under your Employee Agreement, including your agreement to provide 21 days' notice of your resignation. Your refusal to comply with the notice provision will constitute a breach of your Agreement.

During the notice period, your duties as an employee, including your fiduciary duties to Gallagher, remain in full force and effect. That means, without limiting the scope of the obligation, that you must refrain from any conduct or activity that does not serve Gallagher's best interests. While you will be excused from day-to-day attendance at work during this time period, you must continue to work in Gallagher's best interests. We expect you to honor your commitment to help Gallagher transition your responsibilities, including your client representation responsibilities, to other Gallagher personnel. Please contact Jeff Devron immediately and schedule a meeting this week to identify the tasks we expect you to carry out and the manner in which you will be expected to address any questions he may have relating to the status of client matters, renewals, transitional client questions, and any other items regarding the client accounts.

During the notice period (and for 2 years after your separation from Gallagher), you are prohibited from soliciting, servicing or accepting business from any Gallagher client or prospective client on behalf of yourself or any person or firm other than Gallagher. To the extent that you have contacted any Gallagher clients that you worked with and attempted to divert their business to your

2850 West Golf Road
Rolling Meadows, Illinois 60008-4050
630.773.3800

Ms. Melissa Haggerty
July 14, 2022
Page 2

future employer, we demand that you immediately cease and desist from contacting or soliciting Gallagher clients and prospects.

As you are aware, you are prohibited from copying, retaining, or destroying any Gallagher files or documents, or from taking any action that could potentially inhibit Gallagher's ability to service its clients. To the extent that you have retained Gallagher documents or information, we demand that you return to Gallagher any and all documents, records and data, including without limitation electronically stored information, containing Gallagher Confidential Information, as defined in your Employee Agreement. Please understand that your retention or use of Confidential Information is a violation of your Agreement, no matter how it comes into your hands. Gallagher feels very strongly about maintaining the secrecy of its Confidential Information. We take these violations very seriously, and we will not hesitate to pursue legal and equitable relief against you, if necessary.

We expect that upon receipt of this letter, to the extent that you have not already done so, you will immediately return your company-issued laptop to Gallagher. Please make arrangements with David Horvath (david_horvath@ajg.com or (630) 285-4446) for the return of your laptop.

With respect to your post-employment obligations to Gallagher, your Agreement contains several post-employment obligations, which will be triggered by virtue of your separation from Gallagher. These post-employment obligations include the following:

(1)     For two years from the date of your separation you **may not, directly or indirectly, solicit, accept or perform any insurance-related or benefit-related business** from any Gallagher client or actively solicited prospect with whom you worked or became familiar with during your employment;

(2)     You may **never use or disclose any Gallagher trade secret,** and for two years from the date of your separation, **you may not use or divulge any of our Confidential Information[1]**; and

(3)     For two years from the date of your separation **you may not, directly or indirectly, solicit, induce, or recruit any individual employed by us** into leaving our employment and becoming employed by another entity.

With regard to (2) above, statutory and common law prohibitions against the unauthorized disclosure of confidential and proprietary business information also apply to you. And so your post-

---

[1] "Confidential Information" is defined specifically in the Agreement. In the interest of brevity, we have not repeated that lengthy definition here.

Ms. Melissa Haggerty
July 14, 2022
Page 3

employment conduct is governed not only by the Agreement, but by certain state statutes and common law as well.

We understand that you have accepted a position with Alliant Insurance Services. Based on our past experience, we know that Alliant does not share Gallagher's commitment to instruct its employees to honor and uphold restrictive covenants that they have with their previous employers. In the event that it becomes necessary for Gallagher to take legal action to enforce its agreement, we will not hesitate to do so. We hope that both you and Alliant will want to avoid any conduct that will invite litigation or liability.

Please immediately bring any and all mobile devices to Gallagher's offices in compliance with the Mobile Device Policy that you signed. A copy of that agreement is attached. Do not delete, destroy, transfer, modify or otherwise alter any information on your mobile devices. Do not allow any other person or entity to delete, destroy, transfer, modify or otherwise alter any information on your mobile devices.

Finally, you should consider this correspondence to be a demand for the preservation of any and all documents, records and data that may constitute or lead to the discovery of relevant evidence in this matter.

We trust this letter leaves you with no questions about our position, and what we expect.

Sincerely,

*/s/ Maureen Schoaf*

Maureen Schoaf
Litigation Counsel

Encls.

cc:     Jennifer Baumann, General Counsel, Alliant Insurance Services, jbaumann@alliant.com



Insurance | Risk Management | Consulting

Writer's Direct Dial: (847) 378-2918
Writer's Email: maureen_schoaf@ajg.com

July 14, 2022

**VIA EMAIL**

Ms. Kelly Nicole Hogan
REDACTED

Re:     **Resignation of Employment**

Dear Ms. Hogan:

In light of your recent resignation, I am writing to advise you of Gallagher's expectations of you during your notice period, and to remind you of certain post-employment obligations, which arise from the Employee Agreement you executed, effective January 12, 2015, (the "Agreement"). Enclosed is a copy of the Agreement for your reference.

As a preliminary matter, please understand that you remain an employee of Gallagher until your notice period expires on August 3, 2022. I understand that you purportedly resigned from Gallagher "effective immediately" on July 13, 2022, but you assumed certain obligations under your Employee Agreement, including your agreement to provide 21 days' notice of your resignation. Your refusal to comply with the notice provision will constitute a breach of your Agreement.

During the notice period, your duties as an employee, including your fiduciary duties to Gallagher, remain in full force and effect. That means, without limiting the scope of the obligation, that you must refrain from any conduct or activity that does not serve Gallagher's best interests. While you will be excused from day-to-day attendance at work during this time period, you must continue to work in Gallagher's best interests. We expect you to honor your commitment to help Gallagher transition your responsibilities, including your client representation responsibilities, to other Gallagher personnel. Please contact Jeff Devron immediately and schedule a meeting this week to identify the tasks we expect you to carry out and the manner in which you will be expected to address any questions he may have relating to the status of client matters, renewals, transitional client questions, and any other items regarding the client accounts.

During the notice period (and for 2 years after your separation from Gallagher), you are prohibited from soliciting, servicing or accepting business from any Gallagher client or prospective client on behalf of yourself or any person or firm other than Gallagher. To the extent that you have contacted any Gallagher clients that you worked with and attempted to divert their business to your future employer, we demand that you immediately cease and desist from contacting or soliciting Gallagher clients and prospects.

2850 West Golf Road
Rolling Meadows, Illinois 60008-4050
630.773.3800

Ms. Kelly Hogan
July 14, 2022
Page 2

As you are aware, you are prohibited from copying, retaining, or destroying any Gallagher files or documents, or from taking any action that could potentially inhibit Gallagher's ability to service its clients. To the extent that you have retained Gallagher documents or information, we demand that you return to Gallagher any and all documents, records and data, including without limitation electronically stored information, containing Gallagher Confidential Information, as defined in your Employee Agreement. Please understand that your retention or use of Confidential Information is a violation of your Agreement, no matter how it comes into your hands. Gallagher feels very strongly about maintaining the secrecy of its Confidential Information. We take these violations very seriously, and we will not hesitate to pursue legal and equitable relief against you, if necessary.

We expect that upon receipt of this letter, to the extent that you have not already done so, you will immediately return your company-issued laptop to Gallagher. Please make arrangements with David Horvath (david_horvath@ajg.com or (630) 285-4446) for the return of your laptop.

With respect to your post-employment obligations to Gallagher, your Agreement contains several post-employment obligations, which will be triggered by virtue of your separation from Gallagher. These post-employment obligations include the following:

(1) For two years from the date of your separation you **may not, directly or indirectly, solicit, accept or perform any insurance-related or benefit-related business** from any Gallagher client or actively solicited prospect with whom you worked or became familiar with during your employment;

(2) You may **never use or disclose any Gallagher trade secret,** and for two years from the date of your separation, **you may not use or divulge any of our Confidential Information**[1]; and

(3) For two years from the date of your separation **you may not, directly or indirectly, solicit, induce, or recruit any individual employed by us** into leaving our employment and becoming employed by another entity.

With regard to (2) above, statutory and common law prohibitions against the unauthorized disclosure of confidential and proprietary business information also apply to you. And so your post-employment conduct is governed not only by the Agreement, but by certain state statutes and common law as well.

---

[1] "Confidential Information" is defined specifically in the Agreement. In the interest of brevity, we have not repeated that lengthy definition here.

Ms. Kelly Hogan
July 14, 2022
Page 3

We understand that you have accepted a position with Alliant Insurance Services. Based on our past experience, we know that Alliant does not sharee Gallagher's commitment to instruct its employees to honor and uphold restrictive covenants that they have with their previous employers. In the event that it becomes necessary for Gallagher to take legal action to enforce its agreement, we will not hesitate to do so. We hope that both you and Alliant will want to avoid any conduct that will invite litigation or liability.

Please immediately bring any and all mobile devices to Gallagher's offices in compliance with the Mobile Device Policy that you signed. A copy of that agreement is attached. Do not delete, destroy, transfer, modify or otherwise alter any information on your mobile devices. Do not allow any other person or entity to delete, destroy, transfer, modify or otherwise alter any information on your mobile devices.

Finally, you should consider this correspondence to be a demand for the preservation of any and all documents, records and data that may constitute or lead to the discovery of relevant evidence in this matter.

We trust this letter leaves you with no questions about our position, and what we expect.

Sincerely,

*/s/ Maureen Schoaf*

Maureen Schoaf
Litigation Counsel

Encls.

cc:    Jennifer Baumann, General Counsel, Alliant Insurance Services, jbaumann@alliant.com



Writer's Direct Dial: (847) 378-2918
Writer's Email: maureen_schoaf@ajg.com

July 14, 2022

**VIA EMAIL**

Ms. Janet Schumacher

REDACTED

Re:     **Resignation of Employment**

Dear Ms. Schumacher:

In light of your recent resignation, I am writing to advise you of Gallagher's expectations of you during your notice period, and to remind you of certain post-employment obligations, which arise from the Employee Agreement you executed, effective December 17, 2014, (the "Agreement"). Enclosed is a copy of the Agreement for your reference.

As a preliminary matter, please understand that you remain an employee of Gallagher until your notice period expires on August 2, 2022. I understand that you purportedly resigned from Gallagher "effective immediately" on July 12, 2022, but you assumed certain obligations under your Employee Agreement, including your agreement to provide 21 days' notice of your resignation. Your refusal to comply with the notice provision will constitute a breach of your Agreement.

During the notice period, your duties as an employee, including your fiduciary duties to Gallagher, remain in full force and effect. That means, without limiting the scope of the obligation, that you must refrain from any conduct or activity that does not serve Gallagher's best interests. While you will be excused from day-to-day attendance at work during this time period, you must continue to work in Gallagher's best interests. We expect you to honor your commitment to help Gallagher transition your responsibilities, including your client representation responsibilities, to other Gallagher personnel. Please contact Jeff Devron immediately and schedule a meeting this week to identify the tasks we expect you to carry out and the manner in which you will be expected to address any questions he may have relating to the status of client matters, renewals, transitional client questions, and any other items regarding the client accounts.

During the notice period (and for 2 years after your separation from Gallagher), you are prohibited from soliciting, servicing or accepting business from any Gallagher client or prospective client on behalf of yourself or any person or firm other than Gallagher. To the extent that you have contacted any Gallagher clients that you worked with and attempted to divert their business to your

Ms. Janet Schumacher
July 14, 2022
Page 2

future employer, we demand that you immediately cease and desist from contacting or soliciting Gallagher clients and prospects.

As you are aware, you are prohibited from copying, retaining, or destroying any Gallagher files or documents, or from taking any action that could potentially inhibit Gallagher's ability to service its clients. To the extent that you have retained Gallagher documents or information, we demand that you return to Gallagher any and all documents, records and data, including without limitation electronically stored information, containing Gallagher Confidential Information, as defined in your Employee Agreement. Please understand that your retention or use of Confidential Information is a violation of your Agreement, no matter how it comes into your hands. Gallagher feels very strongly about maintaining the secrecy of its Confidential Information. We take these violations very seriously, and we will not hesitate to pursue legal and equitable relief against you, if necessary.

We expect that upon receipt of this letter, to the extent that you have not already done so, you will immediately return your company-issued laptop to Gallagher. Please make arrangements with David Horvath (david_horvath@ajg.com or (630) 285-4446) for the return of your laptop.

With respect to your post-employment obligations to Gallagher, your Agreement contains several post-employment obligations, which will be triggered by virtue of your separation from Gallagher. These post-employment obligations include the following:

(1)     For two years from the date of your separation you **may not, directly or indirectly, solicit, accept or perform any insurance-related or benefit-related business** from any Gallagher client or actively solicited prospect with whom you worked or became familiar with during your employment;

(2)     You may **never use or disclose any Gallagher trade secret,** and for two years from the date of your separation, **you may not use or divulge any of our Confidential Information[1]**; and

(3)     For two years from the date of your separation **you may not, directly or indirectly, solicit, induce, or recruit any individual employed by us** into leaving our employment and becoming employed by another entity.

With regard to (2) above, statutory and common law prohibitions against the unauthorized disclosure of confidential and proprietary business information also apply to you. And so your post-

---

[1] "Confidential Information" is defined specifically in the Agreement. In the interest of brevity, we have not repeated that lengthy definition here.

Ms. Janet Schumacher
July 14, 2022
Page 3

employment conduct is governed not only by the Agreement, but by certain state statutes and common law as well.

We understand that you have accepted a position with Alliant Insurance Services. Based on our past experience, we know that Alliant does not share Gallagher's commitment to instruct its employees to honor and uphold restrictive covenants that they have with their previous employers. In the event that it becomes necessary for Gallagher to take legal action to enforce its agreement, we will not hesitate to do so. We hope that both you and Alliant will want to avoid any conduct that will invite litigation or liability.

Please immediately bring any and all mobile devices to Gallagher's offices in compliance with the Mobile Device Policy that you signed. A copy of that agreement is attached. Do not delete, destroy, transfer, modify or otherwise alter any information on your mobile devices. Do not allow any other person or entity to delete, destroy, transfer, modify or otherwise alter any information on your mobile devices.

Finally, you should consider this correspondence to be a demand for the preservation of any and all documents, records and data that may constitute or lead to the discovery of relevant evidence in this matter.

We trust this letter leaves you with no questions about our position, and what we expect.

Sincerely,

*/s/ Maureen Schoaf*

Maureen Schoaf
Litigation Counsel

Enclosure

cc:     Jennifer Baumann, General Counsel, Alliant Insurance Services, jbaumann@alliant.com



**Gallagher**

Insurance | Risk Management | Consulting

Writer's Direct Dial: (847) 378-2918
Writer's Email: maureen_schoaf@ajg.com

July 14, 2022

**VIA EMAIL**

Ms. Rosario Zaragoza
REDACTED

Re:     **Resignation of Employment**

Dear Ms. Zaragoza:

In light of your recent resignation, I am writing to advise you of Gallagher's expectations of you during your notice period, and to remind you of certain post-employment obligations, which arise from the Employee Agreement you executed, effective May 21. 2012, (the "Agreement"). Enclosed is a copy of the Agreement for your reference.

As a preliminary matter, please understand that you remain an employee of Gallagher until your notice period expires on August 2, 2022.  I understand that you purportedly resigned from Gallagher "effective immediately" on July 12, 2022, but you assumed certain obligations under your Employee Agreement, including your agreement to provide 21 days' notice of your resignation.  Your refusal to comply with the notice provision will constitute a breach of your Agreement.

During the notice period, your duties as an employee, including your fiduciary duties to Gallagher, remain in full force and effect. That means, without limiting the scope of the obligation, that you must refrain from any conduct or activity that does not serve Gallagher's best interests. While you will be excused from day-to-day attendance at work during this time period, you must continue to work in Gallagher's best interests.  We expect you to honor your commitment to help Gallagher transition your responsibilities, including your client representation responsibilities, to other Gallagher personnel.  Please contact Jeff Devron immediately and schedule a meeting this week to identify the tasks we expect you to carry out and the manner in which you will be expected to address any questions he may have relating to the status of client matters, renewals, transitional client questions, and any other items regarding the client accounts.

During the notice period (and for 2 years after your separation from Gallagher), you are prohibited from soliciting, servicing or accepting business from any Gallagher client or prospective client on behalf of yourself or any person or firm other than Gallagher.  To the extent that you have contacted any Gallagher clients that you worked with and attempted to divert their business to your

2850 West Golf Road
Rolling Meadows, Illinois 60008-4050
630.773.3800

Ms. Rosario Zaragoza
July 14, 2022
Page 2

future employer, we demand that you immediately cease and desist from contacting or soliciting Gallagher clients and prospects.

As you are aware, you are prohibited from copying, retaining, or destroying any Gallagher files or documents, or from taking any action that could potentially inhibit Gallagher's ability to service its clients. To the extent that you have retained Gallagher documents or information, we demand that you return to Gallagher any and all documents, records and data, including without limitation electronically stored information, containing Gallagher Confidential Information, as defined in your Employee Agreement. Please understand that your retention or use of Confidential Information is a violation of your Agreement, no matter how it comes into your hands. Gallagher feels very strongly about maintaining the secrecy of its Confidential Information. We take these violations very seriously, and we will not hesitate to pursue legal and equitable relief against you, if necessary.

We expect that upon receipt of this letter, to the extent that you have not already done so, you will immediately return your company-issued laptop to Gallagher. Please make arrangements with David Horvath (david_horvath@ajg.com or (630) 285-4446) for the return of your laptop.

With respect to your post-employment obligations to Gallagher, your Agreement contains several post-employment obligations, which will be triggered by virtue of your separation from Gallagher. These post-employment obligations include the following:

(1) For two years from the date of your separation you **may not, directly or indirectly, solicit, accept or perform any insurance-related or benefit-related business** from any Gallagher client or actively solicited prospect with whom you worked or became familiar with during your employment;

(2) You may **never use or disclose any Gallagher trade secret,** and for two years from the date of your separation, **you may not use or divulge any of our Confidential Information[1]**; and

(3) For two years from the date of your separation **you may not, directly or indirectly, solicit, induce, or recruit any individual employed by us** into leaving our employment and becoming employed by another entity.

With regard to (2) above, statutory and common law prohibitions against the unauthorized disclosure of confidential and proprietary business information also apply to you. And so your post-

---

[1] "Confidential Information" is defined specifically in the Agreement. In the interest of brevity, we have not repeated that lengthy definition here.

Ms. Rosario Zaragoza
July 14, 2022
Page 3

employment conduct is governed not only by the Agreement, but by certain state statutes and common law as well.

We understand that you have accepted a position with Alliant Insurance Services. Based on our past experience, we know that Alliant does not share Gallagher's commitment to instruct its employees to honor and uphold restrictive covenants that they have with their previous employers. In the event that it becomes necessary for Gallagher to take legal action to enforce its agreement, we will not hesitate to do so. We hope that both you and Alliant will want to avoid any conduct that will invite litigation or liability.

Finally, you should consider this correspondence to be a demand for the preservation of any and all documents, records and data that may constitute or lead to the discovery of relevant evidence in this matter.

We trust this letter leaves you with no questions about our position, and what we expect.

Sincerely,

*/s/ Maureen Schoaf*

Maureen Schoaf
Litigation Counsel

Enclosure

cc:     Jennifer Baumann, General Counsel, Alliant Insurance Services, jbaumann@alliant.com