# Exhibit N

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AON PLC, et al., | ) |
| Plaintiff, | ) |
| | ) No. 16-cv-01924 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| MICHAEL HEFFERNAN, et al., | ) |
| Defendants. | ) |

### ORDER

Motion hearing held. As stated on the record, Plaintiffs Aon plc and Aon Group, Inc.'s emergency motion for an order temporarily restraining the conduct of Defendants Michael Heffernan and Alliant Insurance Services, Inc. [6] is granted. The temporary restraining order is entered at 2:00 p.m. on 2/5/2016. It is further ordered that Plaintiffs shall deposit with the Clerk of Court funds in the amount of one million dollars ($1,000,000.00) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder. Status hearing set for 2/22/2016 at 11:00 a.m. Detailed order to follow.

(1:50)

Dated: February 5, 2016

Andrea R. Wood
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AON PLC, a United Kingdom public limited company, and AON GROUP, INC., a Maryland corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 16-cv-01924 |
| v. | ) ) | Judge Andrea R. Wood |
| MICHAEL HEFFERNAN, an individual, and ALLIANT INSURANCE SERVICES, INC., a Delaware Corporation, | ) ) ) ) | |
| Defendants. | ) | |

**TEMPORARY RESTRAINING ORDER**

Plaintiffs Aon plc and Aon Group, Inc. (together, "Aon" or "Plaintiffs") allege that Defendant Michael Heffernan, one of their former executives, abruptly resigned from an Aon company, immediately went to work for a competitor, Defendant Alliant Insurance Services, Inc. ("Alliant"), used proprietary information about Aon's customers to solicit those customers to do business with Alliant instead, and helped Alliant hire away 26 of the 31 employees in Aon's San Jose, California office. Plaintiffs claim that these actions breached non-competition agreements between Aon plc and Heffernan that prohibited his direct or indirect post-termination solicitation of Aon's former customers or employees and the misuse of the company's proprietary information. Plaintiffs further claim that in commencing these actions before his resignation, Heffernan also breached fiduciary duties to Aon. Plaintiffs seek relief from Heffernan for these breaches and from Alliant for aiding the claimed fiduciary breach and for violating Illinois statutory prohibitions against trade secret misappropriation. On February 4, 2016, the parties appeared before the Court on Plaintiffs' emergency motion for a temporary restraining order

(Dkt. No. 6). The motion hearing was continued to February 5, 2016, at which time the Court issued an oral ruling granting Plaintiffs' motion. This Order memorializes and provides additional detail regarding the Court's ruling.

A party seeking a temporary restraining order must make the same threshold showing as for a preliminary injunction: that he has some likelihood of success on the merits of his claims; that there is no adequate legal remedy for his injuries; and that he will suffer irreparable harm if the relief is denied. *LKQ Corp. v. Fengler*, No. 12-cv-2741, 2012 WL 1405774, at *3 (N.D. Ill. Apr. 23, 2012) (citing *Abbot Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)). If these conditions are met, the district court then must consider the balance between the irreparable harm that the moving party will suffer if relief is denied and the harm that the nonmoving party will suffer if relief is improperly granted. *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). And finally, the court must consider the interests of non-parties in granting or denying the requested relief. *Id.* The more likely a plaintiff's success on the merits, the less the balance of harms need weigh toward its side to justify relief, while a greater showing that the balance of harms favors the plaintiff may offset a lower probability of success on the success. *Abbott Labs.*, 971 F.2d at 12. A court may grant relief to a plaintiff if his likelihood of success is better than negligible. *Lineback v. Spurlino Materials, LLC,* 546 F.3d 491, 502-03 (7th Cir. 2008).

In the present case, Plaintiffs have demonstrated a reasonable likelihood of success on the merits of their claims, starting with the choice of which state's law should apply. Although the parties dispute whether Illinois law or California law should govern this action, Plaintiffs have presented a sufficient legal and factual argument in favor of Illinois law to support a likelihood of success on the merits of their claims. In a case brought under its diversity jurisdiction, this Court must apply the choice-of-law rules of the forum state to determine applicable substantive

2

law. *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704-05 (7th Cir. 2004). In this case, that means Illinois choice-of-law rules govern. Among other things, Illinois choice-of-law rules direct courts to consider "the basic policies underlying the particular field of law;" "the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;" and "the relevant policies of the forum." *Morris B. Chapman & Assocs., Ltd. v. Kitzman*, 739 N.E.2d 1263, 1269 (Ill. 2000). For purposes of the instant motion for emergency relief, Plaintiffs have made a sufficient showing that these factors support the application of Illinois law, which in turn supports a likelihood of success on the merits of their claims.[1]

      Plaintiffs have presented evidence that they maintain a proprietary database of customer information that would be both useful and unavailable to their competitors, including Alliant. They have also provided evidence suggesting that Heffernan did not typically use the database in the ordinary course of his Aon employment, yet he accessed it for an extended period at a time after he began to discuss future employment with Alliant and has failed to provide a legitimate reason for that use. Plaintiffs have thus provided evidence indicating that they have some chance of success on their claims of misappropriation of their proprietary information. They have also put forward sufficient evidence that Heffernan has assisted other Alliant employees in making customer solicitations that he believed he was legally restricted from attempting himself. Damage from the use of misappropriated confidential information to lure customers away from the information's owner is presumed to be both inadequately remedied by money damages and irreparable. *See Cumulus Radio Corp. v. Olson*, 80 F. Supp. 3d 900, 912 (C.D. Ill. 2015); *Computer Assocs. Int'l v. Quest Software, Inc.*, 333 F. Supp. 2d 688, 700 (N.D. Ill. 2004).

---

[1] This determination, like others made at the temporary restraining order stage, may not hold up at later stages of this litigation when considered in light of a more complete record. But it is sufficient for now.

3

As to the solicitation of Aon employees, as noted above, 26 of the 31 employees in Aon's San Jose office were hired by Alliant within three days of Heffernan's move. The timing and breadth of the exodus from Aon suggests that Plaintiffs have a reasonable likelihood of establishing that Heffernan, in violation of his contractual commitment, played some role in the moves to Alliant. Continued employee loss would be an irreparable injury for which damages would be an inadequate remedy. *Diamond Blade Warehouse, Inc. v. Paramount Diamond Tools, Inc.*, 420 F. Supp. 2d 866, 872 (N.D. Ill. 2006). The Court concludes that the balance of the likelihood of Plaintiffs' success against the potential for harm from either an improperly denied or improperly granted order weighs in favor of granting the relief requested by Plaintiffs.

Defendants argue that the interests of their potential customers would be disserved by the injunction Plaintiffs request in that they would lose the freedom to buy insurance from their chosen provider. But Defendants do not suggest that their offerings are unique or that customers would be unable to either find satisfactory substitutes or delay their purchases. The Court concludes that the public interest does not weigh against granting the requested temporary restraining order.

Plaintiffs' motion for a temporary restraining order is accordingly granted. Defendants Michael Heffernan and Alliant Insurance Services, Inc. are hereby enjoined as follows:

1. Defendants are enjoined from soliciting, accepting, or entering into any business relationship with, any client or prospective client of Aon, with respect to whom Defendant Heffernan provided services, or had a business relationship, or on whose account he worked or became familiar, or supervised directly or indirectly any servicing activities, during the 24 months prior to January 26, 2016, or whom Defendant Heffernan played any role in soliciting during the six months prior to January 26, 2016;

2. Defendants are enjoined from soliciting any employee of Aon's construction services group who has worked on an Aon project with Defendant Heffernan within the past 24 months to leave Aon or to work for Alliant, provided that this restriction shall be modified to apply only to specifically-named

4

      employees upon their identification by Plaintiffs without further order of the Court;

3. Defendants are enjoined from using for any purpose or providing to Alliant, its agents or employees, or any third party any Aon client-specific or employee-specific information not readily available to Alliant personnel through sources independent of Aon or Heffernan; and

4. Defendants shall immediately return to Aon any items or information in any form that were generated by or copied, derived, or produced from the AonWrap proprietary database.

This Order shall be deemed effective as of 2:00 p.m. CST on Friday, February 5, 2016 and will remain in effect until further order of the Court. Plaintiffs shall deposit with the Clerk of Court one million dollars ($1,000,000.00) as security for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

    As noted above, the parties dispute which state's substantive law governs the contested issues here. The difference in the enforceability of restrictive covenants under California law, on the one hand, and Illinois law, on the other, is likely determinative of whether and to what extent Plaintiffs will succeed on their claims. Although Plaintiffs have made a sufficient showing in support of their argument that Illinois law applies for purposes of obtaining a temporary restraining order, if a more complete record shows that Defendants are correct that California law applies, then Plaintiffs' likelihood of success on at least some of their claims may very well be negligible. Thus, in the interest of judicial economy, the Court (with no objection from the parties) has determined to bifurcate and expedite discovery prior to any preliminary injunction hearing.

    Initially, the parties shall conduct expedited discovery limited to matters necessary to resolve the question of which law applies, including discovery regarding whether California or

5

Illinois possesses the greater interest in the resolution of these matters. The parties shall serve any deposition notices, document requests, requests for admission, and written interrogatories related to this issue by February 10, 2016. No more than 10 document requests, 15 interrogatories, and 15 admission requests shall be served by each side. Each side shall be permitted to issue one deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6) on topics relating to the other side's activities and contacts in California and Illinois. Plaintiffs may also depose Defendant Heffernan regarding his own contacts and connection to the two states. That the parties are being permitted to conduct this limited discovery now will not foreclose them from being able to conduct a further examination of any witness for other purposes or on other topics at later stages of this proceeding. Written responses and objections to the discovery requests shall be served by February 17, 2016. Objections shall also be delivered to the Court via email to Proposed_Order_Wood@ilnd.uscourts.gov. Unless otherwise ordered by the Court, document productions in response to document requests shall be served by February 29, 2016.

At the next status hearing, the Court will resolve disputes regarding the expedited discovery and set a briefing schedule regarding choice of law. Upon resolution of the choice of law issue, the Court will set an expedited schedule for merits discovery and set a date for a full preliminary injunction hearing. A status hearing is set for February 22, 2016 at 11:00 a.m. CST.

Dated: February 10, 2016

                                                         Andrea R. Wood
                                                         United States District Judge