# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Arthur J. Gallagher & Co., | No. 1:22-cv-03931 |
| Plaintiff, | |
| v. | |
| Alliant Insurance Services, Inc., | |
| Defendant. | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

On August 4, 2022, Plaintiff Arthur J. Gallagher & Co. ("Gallagher") filed a Motion for Expedited Discovery ("Motion"), requesting that Defendant Alliant Insurance Services, Inc. ("Alliant") respond to ten document requests and answer three interrogatories in 14 days. Dkt. 18. Based on conclusory and wholly unsupported claims of "irreparable harm" and "unlawful conduct," Plaintiff seeks expedited discovery about a supposed "raid" of eight female employees beginning in January 2022.[1] For the reasons set forth in Alliant's opposition to Gallagher's motion for a temporary restraining order ("TRO"), Gallagher's allegations are baseless and do not justify a TRO. In turn, therefore, Gallagher has not shown good cause for discovery to proceed in this sort of expedited fashion. Likewise, no preservation order is necessary because Alliant and its counsel are aware of their preservation obligations, and Gallagher has no evidence that Alliant has destroyed or intends to destroy evidence in this case. At a minimum, should the Court be inclined to order expedited discovery or preservation, then any such obligations should be mutual, and discovery should proceed on a more reasonable timeline.

**1.  Gallagher Has Not Met Its Burden Of Showing Good Cause for Expedited Discovery.**

"Expedited discovery is not the norm." *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). Rather, a plaintiff seeking expedited discovery must show that its request is supported by "good cause," which is evaluated "on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Id.* at 623-24 (denying request for expedited discovery).[2]

---

[1] The eight employees are: Kristen Long, Jordan Laeyendecker, Taylor Gunnells, Janet Schumacher, Melissa Haggerty, Rosario Zaragoza, Sara Arnold, and Kelly Hogan (collectively, the "New Hires").

[2] Gallagher cites to a five factor test (Mot. at ¶ 11), but "[d]istrict courts within the Seventh Circuit" apply the above-quoted test, as pointed out in one of the cases Gallagher cites. *Ibarra v. City of Chi.*, 816 F. Supp.

In arguing good cause, Gallagher claims that without expedited discovery, it will "continue to suffer irreparable harm for which no adequate remedy at law exists," citing to its "reasonable concern" that Alliant will misbehave. (Dkt. 18, Mot. at ¶¶4-5). But, as set forth more fully in Alliant's opposition to the TRO (Dkt. 17), Gallagher's TRO papers are bereft of any *evidence* of wrongdoing that has caused *any* harm to date in this case. In particular, and contrary to its allegations in the Motion (¶¶3-5), Gallagher's TRO papers provide no evidence that the New Hires have assisted Alliant in contacting their former clients, that the New Hires assisted Alliant in recruiting Gallagher employees, that Alliant induced the New Hires to take confidential information, and that the New Hires or Alliant have used Gallagher's confidential information. The Court should not order expedited discovery on the basis of bare and unsubstantiated accusations alone. *See, e.g.*, *Share Corp. v. Momar, Inc.*, 2010 WL 724321, at *2 (E.D. Wis. Feb. 26, 2010) (denying motion for expedited discovery and finding "while Share's allegation may prove to be true, expedited discovery, because of the burden it imposes on all parties, should not be used as a means to test claims that are wholly unsubstantiated").

Gallagher's citations only reinforce Alliant's position. The two cases that allowed expedited discovery are inapposite. In *Corp. Express, Inc. v. US Office Products Co.*, the court granted expedited discovery on the same day the case was filed at a hearing in which defendant was not in attendance, and the cited opinion, which is about whether violating the court's discovery orders justified a preclusion order, contains no legal analysis on expedited discovery. 2000 WL 1644494, at *1 (N.D. Ill. Oct. 27, 2000). In *Teledyne Technologies. Inc. v. Shekar*, plaintiff had

---

2d 541, 554 (N.D. Ill. 2011). In any event, even under the five factor test, Gallagher's motion should be denied: 1) it is unclear if a preliminary injunction will be pending by the time this Court considers the Motion, 2) Gallagher's discovery requests broadly seek information predating when Alliant contacted the New Hires, 3) the improper purpose of the request is to conduct fulsome discovery in a short period before that discovery is needed, 4) the burden is significant considering the two-week time frame, and 5) it is unnecessary to conduct such fulsome discovery only days into the case.

evidence that the defendant, a terminated former employee representing himself pro se, "sent an email to a potential customer. . .[, that] implied that he was a current employee. . . and provided a falsified and inflated price quotation" on the company's behalf. 2015 WL 13653004, at *1 (N.D. Ill. Feb. 17, 2015). The employee also "repeatedly tried to access and has accessed [plaintiff's] confidential and proprietary quote files" after he was terminated. *Id*. That is the kind of objective, unambiguous evidence of misconduct that justifies expedited discovery but is absent in this case. And the remainder of the cases cited in Plaintiff's Motion *denied* or at a minimum curtailed expedited discovery. *Strike 3 Holdings, LLC v. Doe*, 2020 WL 6701105, at *2 (N.D. Ill. Nov. 13, 2020) (denying in full); *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012) (denying in full); *Ibarra*, 816 F. Supp. 2d at 554 (allowing expedited discovery to figure out the names of individual defendants but otherwise denying the requests as overly-broad and burdensome).

### 2. If Expedited Discovery Is Warranted, It Should Be Mutual

Alliant's opposition paper provided testimony from the New Hires that they left not because of any purported Alliant "playbook," but rather because most of them found the working conditions at Gallagher to be sexist, discriminatory, and intolerable. Much of the evidence of those working conditions—such as complaints to human resources or supervisors, or what Gallagher leadership wrote about these women behind their backs—are uniquely in Gallagher's possession. If expedited discovery is necessary, it should be mutual so that Alliant can put on a full defense at a preliminary injunction hearing. Mutuality will also help ensure the reasonableness of discovery requests by both parties. Therefore, if the Court orders expedited discovery, it should be mutual and in line with Alliant's proposal to Gallagher, which envisioned an additional week to respond to document requests, service of written responses to requests for production in advance of the

4

production deadline to facilitate prompt resolution of disputes, and one corporate representative deposition per side. *See* Mot. at ¶ 22. *See* Mot. at ¶ 22.[3]

### 3. No Preservation Order Is Necessary, But If One Is Ordered, It Should be Mutual

"A motion to preserve evidence is an injunctive remedy and should issue only upon an adequate showing that equitable relief is warranted." *In re African–American Slave Descendants' Litig.*, 2003 WL 24085346, at *2 (N.D. Ill. July 15, 2003) (denying request for preservation order). To make this determination, as Gallagher points out, "courts in this district have considered (1) whether Plaintiff can demonstrate that Defendants will destroy necessary documentation without a preservation order, (2) whether Plaintiff will suffer irreparable harm without a preservation order, and (3) the burden that likely will result from granting a preservation order." *McDaniel v. Loyola U. Med. Ctr.*, 2014 WL 1775685, at *2 (N.D. Ill. May 5, 2014) (citing *id.*). Gallagher cannot prove the first two elements.

Gallagher's own case citation highlights why the Court should deny its request: in *McDaniel*, the court *rejected* plaintiff's request for a preservation order because "Plaintiff has failed to demonstrate that Defendants will destroy discoverable information and that he will suffer irreparable harm without a preservation order." *Id. See also In re African–American Slave Descendants' Litig.*, 2003 WL 24085346, at *2 (same) ("Plaintiffs fail to demonstrate that Defendants will destroy any necessary materials related to this action without a preservation order."). Here too, Gallagher has offered no evidence that Alliant has destroyed any evidence in this case. Indeed, Alliant already issued a document preservation hold to known relevant custodians. Instead, Gallagher points to alleged spoliation from three years ago in an unrelated

---

[3] Without mutual document discovery, the Parties will not be able to identify the proper corporate deponent. And a corporate witness is necessary because it can obviate the need for numerous depositions on an expedited timeline.

matter. Mot. at 18. Putting aside that Alliant vigorously denies Gallagher's (albeit dated and unrelated) spoliation contentions, what allegedly happened three years ago in another case has no bearing here whatsoever.

Second, Gallagher has not shown the requisite irreparable harm. (Dkt. 17 at 33-38). As noted in *In re African-American Slave Descendants' Litigation* when finding no irreparable harm, parties have a duty under the Federal Rules of Civil Procedure not to destroy documents and face serious sanctions should they violate such Rules. 2003 WL 24085346, at *2-3. Defendant and its counsel are well-aware of their obligations under the Federal Rules and, of course, will comply with them.

Should the Court be inclined to issue a preservation order, however, it should be mutual. Alliant has an interest in preserving documentation just as Gallagher does.

Dated: August 5, 2022

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Sari Alamuddin*
Sari M. Alamuddin
Tinos Diamantatos
Samuel D. Block
Danielle A. Maldonado
tinos.diamantatos@morganlewis.com
sari.alamuddin@morganlewis.com
samuel.block@morganlewis.com
danielle.maldonado@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606-1511
Telephone:     +1.312.324.1000

*Counsel for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 5, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will transmit notice of such filing to all counsel of record.

*/s/ Sari Alamuddin*
Sari M. Alamuddin
