UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., | ) |
| *Plaintiff,* | ) Case No.: 1:22-cv-03931 |
| v. | ) |
| ALLIANT INSURANCE SERVICES, INC. | ) Honorable Martha M. Pacold |
| *Defendant.* | ) |

## JOINT STATUS REPORT

Pursuant to this Court's August 10, 2022 Order (Dkt. 24), the Parties submit the following Joint Status Report. Counsel for Plaintiff Arthur J. Gallagher & Co. ("Plaintiff" or "Gallagher") and Defendant Alliant Insurance Services, Inc. ("Defendant" or "Alliant") conferred via phone on August 11, 2022.

**I.    SCOPE OF EXPEDITED DISCOVERY**

The Parties agree that each shall side issue no more than 15 Requests for Production and 10 Interrogatories.

The Parties agree that written responses to Requests for Production ("RFP") shall be given within seven (7) days of the issuance of the RFP.

The Parties agree that documents shall be produced within 28 days of the issuance of discovery requests.

The Parties agree that responses to interrogatories shall be answered within twenty-one (21) days of the issuance of the interrogatories.

The Parties agree that they shall meet and confer within two business days after a discovery objection is raised.

The Parties agree that privilege logs shall be served within fourteen (14) days following the completion of document production.

The Parties agree that they each be permitted to take five (5) fact witness depositions of Party employees and one (1) Rule 30(b)(6) deposition. The Parties do not agree on the length of time permitted to depose the Party employee fact witnesses. Plaintiff proposes that it should be entitled to the full seven (7) hours permitted under the Federal Rules of Civil Procedure because Plaintiff has agreed to significantly limit the number of depositions but requires adequate time to examine each witness. Defendant proposes that depositions of fact witnesses be limited to three (3) hours on the record due to the already extensive scope of the expedited discovery plan.

The Parties can issue up to eight (8) subpoenas to Party employees. The Parties agree that those subpoenas contain no more than five (5) document requests.

The Parties agree that they may issue up to five (5) subpoenas to non-employee third parties, and that each subpoena shall not contain more than five (5) document requests.

The Parties agree that they may take up to three (3) depositions of non-employee third parties, which each shall be limited to three (3) hours on the record.

The Parties agree that they may disclose no more than one (1) expert witness, and that the opposing party shall be permitted to depose said witness. For purposes of expedited discovery, the Parties agree that the expert disclosure need not include a written report compliant with Federal Rule of Civil Procedure 26(a)(2)(B) and may instead consist of a written summary that provides reasonable notice of the expert's opinions and bases of the opinions.

**II.     PROPOSED EXPEDITED DISCOVERY SCHEDULE**

The Parties propose that expedited fact discovery, including depositions, shall close on October 14, 2022.

The Parties propose that any expert disclosures shall be simultaneous and shall occur on October 14, 2022. They Parties propose that any expert discovery, including depositions, shall close on October 28, 2022.

## III. PROPOSED PRELIMINARY INJUNCTION HEARING DATES AND BRIEFING SCHEDULE

As discussed at the August 10, 2022, hearing, lead counsel for both Plaintiff and Defendant are on trial during multiple weeks in October and November. The Court advised that it is unavailable the weeks of November 7 and 14. The Parties anticipate that two (2) days will be required to conduct the preliminary injunction hearing in this matter. Accordingly, the Parties propose that the preliminary injunction hearing be conducted on December 6 and 7, 2022.

The parties propose the following briefing schedule on the motion for preliminary injunction:

- Opening Brief: November 4, 2022
- Response Brief: November 18, 2022
- Reply Brief: December 1, 2022

Dated: August 12, 2022

Respectfully submitted,

| | |
|---|---|
| */s/ Eli J. Litoff* | */s/ Sari M. Alamuddin* |
| Ronald S. Safer, ARDC # 6186143 | Tinos Diamantatos, Bar No. 6281728 |
| Eli J. Litoff, ARDC # 6317940 | Sari M. Alamuddin, Bar No. 6215689 |
| Matthew A. Blumenreich, ARDC | Samuel D. Block, Bar No. 6323648 |
| RILEY SAFER HOLMES & CANCILA LLP | MORGAN, LEWIS & BOCKIUS LLP |
| 70 W. Madison Street, Suite 2900 | 110 North Wacker Drive |
| Chicago, Illinois 60602 | Chicago, Illinois 60606 |
| Phone: 312-471-8700 | Phone: 312-324-1000 |
| rsafer@rshc-law.com | tinos.diamantatos@morganlewis.com |
| elitoff@rshc-law.com | sari.alamuddin@morganlewis.com |
| mblumenreich@rshc-law.com | samuel.block@morganlewis.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant Alliant Insurance* |
| *Arthur J. Gallaher & Co.* | *Services, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2022, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notice of electronic filing to all CM/ECF participants.

                                               */s/ Eli J. Litoff*
                                               Eli J. Litoff