UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., <br><br> Plaintiff, <br><br> v. <br><br> ALLIANT INSURANCE SERVICES, INC. <br><br> Defendant. | Case No.: 1:22-cv-03931 <br><br> **DEMAND FOR JURY TRIAL** <br><br> Hon. Martha M. Pacold <br><br> Hon. Jeffrey Cummings |

**PLAINTIFF ARTHUR J. GALLAGHER & CO.'S**
**STATEMENT REGARDING PRESERVATION ORDER**

Pursuant to this Court's August 19, 2022 Minute Entry (Dkt. 38), Plaintiff Arthur J. Gallagher & Co. ("Gallagher") respectfully submits this Statement Regarding Preservation Order.

Gallagher is aware of its preservation obligations and will act accordingly, but the law does not support a mutual preservation order in this case. As set forth in Gallagher's Motion for Expedited Discovery and Preservation of Evidence, this Court must consider, among other factors, "whether [a party] can demonstrate that [the other party] will destroy necessary documentation without a preservation order." *McDaniel v. Loyola Univ. Med. Ctr.*, No. 13–cv–06500, 2014 WL 1775685, at *2 (N.D. Ill. May 5, 2014). Defendant's conduct in the *Lockton* case—where it was represented by the same law firm as in this case—demonstrates Defendant is prone to destroying evidence. *See, e.g.*, Dkt. 18, at ¶ 18; *see also* Dkt. 1, at ¶ 74; Dkt. 9, at 8-9; *Mountain W. Series of Lockton Cos., LLC v. Alliant Ins. Servs., Inc.*, No. CV 2019-0226-JTL, 2019 WL 2536104, at *17 (Del. Ch. June 20, 2019) ("Alliant engaged in extensive efforts to avoid creating an evidentiary record of its activities, which crossed the line on important occasions into the actual destruction of evidence."); *id.* at *10 n.6 (finding that "Alliant's outside attorneys [told] Arkley to instruct

McDaniel to delete documents," and that it was possible "the crime/fraud exception to the attorney-client privilege" applied to counsel's communications).

The same is not true of Gallagher. Defendant's contention that Gallagher spoliated evidence in the California litigation is inaccurate—the documents at issue were irrelevant to the litigation and there was certainly never any judicial finding or admission of spoliation. Accordingly, a mutual preservation order is not warranted.

DATED: August 22, 2022 Respectfully submitted,

/s/ Eli J. Litoff
Ronald S. Safer
Kelly M. Warner
Eli J. Litoff
Sarah E. Finch
Matthew A. Blumenreich
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
Phone: 312-471-8700
Fax: 312-471-8701
Email: rsafer@rshc-law.com
kwarner@rshc-law.com
elitoff@rshc-law.com
sfinch@rshc-law.com
mblumenreich@rshc-law.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2022, I filed a copy of the foregoing document using the Court's CM/ECF filing system, which will automatically send notice of the filing to all counsel of record.

*/s/ Eli J. Litoff*